IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Brian L. Doyle, #53025-019, ) | |
| ) | Civil Action No. 6:04-22255-HFF-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| United States; Federal Bureau of ) | |
| Prisons; and John J. Lamanna, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a federal prisoner proceeding *pro se*, seeks relief pursuant to Title 28, United States Code, Section 2241. Specifically, he requests that this court direct the Federal Bureau of Prisons (BOP) to place him in a community confinement center (CCC) for the six months prior to his release date.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

On November 17, 2004, the respondents filed a motion to dismiss or, in the alternative, for summary judgment. By order of this court dated November 22, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed a response on November 29, 2004. In addition, the petitioner filed a motion for summary judgment on December 3, 2004.

## **FACTS PRESENTED**

In this §2241 action, the petitioner asks this court to order "that the petitioner be granted his complete (6) six months [of community confinement center placement] or home confinement on January 26, 2005." This action stems from a Federal Bureau of Prison policy shift on December 13, 2002. Prior to that date, pursuant to 18 U.S.C. §3624(c), the BOP "followed a practice of placing prisoners in CCCs for up to the last six months of their sentences, regardless of the length of their sentences" (resp. mem. at 3). In December 2002, however, the BOP concluded that under 18 U.S.C. §3621(b), the BOP did not have the authority to place prisoners in community confinement for any period exceeding that set forth in the statute because CCCs are not "places of imprisonment". Thus, the BOP limited placement in CCCs to the last 10% of a prisoner's sentence, not to exceed six months. The new policy was to be applied prospectively with the exception that those currently in a CCC with 150 days or more remaining on their sentences would be transferred to a federal prison facility.

Enacted along with the Sentencing Reform Act of 1984, 18 U.S.C. §3624(c) provided the basis for the BOP practice of transferring and placing inmates in CCCs for over 17 years. The new policy changes this longstanding practice, based on a purported corrected interpretation of the BOP's legal authority to act, which comes from the statutory language of the Sentencing Guidelines when read in conjunction with 18 U.S.C. §§3621 and 3624. Section 3624(c) provides:

> **(c)     Pre-release custody.**--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

Section 3621(b) provides, in part:

> **(b)     Place of imprisonment.**--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, ...

Section 5C1.1(d) of the Sentencing Guidelines provides:

> (d)     If the applicable guideline range is in Zone C of the Sentencing Table, the minimum term may be satisfied by –
> (1)     a sentence of imprisonment; or
> (2)     a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S. Sentencing Guidelines Manual §5C1.1(d)(1). Section 5C1.1(d)(2) refers to a term being satisfied by community confinement as long as at least one-half of the term is satisfied by imprisonment. Essentially, the Sentencing Guidelines imply that a CCC is not a place of imprisonment.

The plaintiff was sentenced on May 1, 2003, to a 30-month term of incarceration in the United States District Court for the Northern District of Georgia, for the offense of Conspiracy to File False Claims/Medicare and False Claims to Medicare. He was incarcerated at the Federal Correctional Institution (FCI), Edgefield, South Carolina, with a projected release date of July 15, 2005 (resp. mem p. 1). According to the petitioner's affidavit, he was informed by his case manager in April 2004 that he would "only be granted three (3) months CCC placement ... due to a new memorandum in December 2002 the BOP no longer provide[s] 6 months CCC placement for inmates with less than 60

3

months to serve" (pet. aff. at ¶ 3). His requests, through the administrative process, for a six-month CCC placement were denied.

## ANALYSIS

As an initial matter, a check of the BOP website indicates that this case is moot. The petitioner was released from FCI Edgefield to a CCC on April 20, 2005. He is currently housed in a halfway house. At this writing, therefore, the plaintiff is within the last 10% of his term and is eligible, under 18 U.S.C. §3624(c), for "pre-release custody" in a halfway house. It follows that the new BOP policy, announced in December 2002, can have no future effect on the plaintiff and that the case should therefore be dismissed as moot. See *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 22-23 (1994).[1]

---

[1] Courts are split over the validity of the new BOP policy. Many courts have granted either temporary or permanent relief to prisoners preventing the application of the new policy: *Colton v. Ashcroft*, 2004 U.S. Dist. LEXIS 574 (E.D. Ky. Jan. 15, 2004) (granting injunction on Administrative Procedure Act grounds); *Estes v. Federal Bureau of Prisons*, 273 F. Supp. 2d 1301(S.D. Ala. July 24, 2003) (same); *Monahan v. Winn*, 276 F. Supp.2d 196 (D. Mass. Aug. 12, 2003) (same); *Cato v. Menifee*, 2003 U.S. Dist. LEXIS 21289 (S.D. N.Y. Nov. 25, 2003) (same); *Godbout v. United States,* 2003 U.S. Dist. LEXIS 12294 (D. Mass. May 2, 2003) (same)*; Ferguson v. Ashcroft*, 248 F. Supp.2d 547 (M.D. La. Feb. 27, 2003) (same); *Howard v. Ashcroft*, 248 F. Supp.2d 518 (M.D. La. Feb. 27, 2003) (same); *Mallory v. United States*, 2003 U.S. Dist. LEXIS 4522 (D. Mass. Mar. 25, 2003) (holding that the government had not followed the Administrative Procedures Act's rulemaking requirements, and that the new rule could not be enforced until it does); *Iacaboni v. United States*, 251 F. Supp. 2d 1015 (D. Mass. Mar. 20, 2003) (BOP's prior practice was not unlawful; manner of adopting new policy violated the APA; retroactive application of the policy violated due process); *Tipton v. Fed. Bureau of Prisons*, 262 F. Supp. 2d 633 (D. Md. May 15, 2003) (the BOP's new interpretation of the relevant statutory scheme is wrong; new rule appears invalid for failure to follow the notice and comment requirements of the Administrative Procedures Act; new rule violates the *ex post facto* clause and the requirements of due process); *Cioffoletti v. Fed. Bureau of Prisons*, 2003 U.S. Dist LEXIS 21853 (E.D.N.Y Nov. 6, 2003) (granting relief on the grounds of Administrative Procedure Act, *ex post facto* and due process violations; new policy is a flawed interpretation of the statute and sentencing guidelines); *Byrd v. Moore*, 252 F. Supp.2d 293 (W.D.N.C. Mar. 7, 2003) (petitioners demonstrated a likelihood of success on a number of arguments challenging both the validity of the new policy and its retroactive application); *Zucker v. Menifee*, 2004 U.S. Dist. LEXIS 724 (S.D.N.Y. Jan. 21, 2004) (the BOP's new policy is based on an erroneous interpretation of the relevant statutes); *United States v. Tkabladze*, 2003 U.S. Dist. LEXIS 12946 (C.D. Cal. May 19, 2003 (new BOP policy is contrary to existing law and ignores Congressional intent and Supreme Court precedent); *Culter v. United States*, 241 F. Supp.2d 19 (D.D.C. Jan. 24, 2003) (equitably estopping the application of the new BOP policy); *United States v. West*, 2003 U.S. Dist. LEXIS 3502 (E.D. Mich. Feb. 20, 2003) (same); *Ashkenazi v. Attorney General of the United States*, 246 F. Supp. 2d 1 (D.D.C. Feb. 24, 2003) (granting a preliminary injunction on *ex post facto* grounds), rev'd 346 F.3d 191 (D.C. Cir. Sept. 15, 2003) (issue moot); *Pearson v. United States*, 265 F. Supp. 2d 973 (E.D. Wis. May 19, 2003) (vacating sentence and remanding for resentencing on the grounds that the BOP provided false information by representing that it would honor the district court's

(continued on next page)

**CONCLUSIONS AND RECOMMENDATION**

The court finds that this case is moot if, as the BOP records suggest, the plaintiff was transferred to a CCC on April 20, 2005. Therefore, it is recommended that this case be dismissed as moot. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, the motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

May 16, 2005

Greenville, South Carolina

---

(continued from previous page)
recommendation for placement in a CCC); *United States v. Serpa*, 251 F.Supp.2d 988 (D. Mass. Mar. 12, 2003) (granting a downward departure to allow a defendant to avoid the consequences of the new BOP policy where the defendant plead guilty before the new policy, but was sentenced after it, because the policy violates the *Ex Post Facto* clause); *United States v. Canavan*, 2003 U.S. Dist. LEXIS 1819 (D. Minn. Jan. 22, 2003) (granting a motion to correct sentence under Rule 36 of the Federal Rules of Criminal Procedure on the grounds that the BOP change "misrepresents the Court's sentence").

Some courts, however, courts have denied either temporary or permanent relief: *United States v. Pena*, 2003 U.S. App. LEXIS 26488 (W.D. N.Y. May 16, 2003) (dismissing case on procedural and jurisdictional grounds); *Adler v. Menifee*, 2003 U.S. Dist LEXIS 21110 (S.D.N.Y. Nov. 21, 2003) (no relief available because the BOP's prior policy of placing prisoners in a CCC for the last six months of their sentence without regard to the 10 percent statutory limitation disregarded the plain meaning of the statute); *United States v. Kramer*, 2003 U.S. Dist. LEXIS 7212 (N.D. Ill Feb. 28, 2003) (no due process violation because the prior BOP policy was not material to the sentencing decision); *United States v. James*, 244 F. Supp.2d 817 (E.D. Mich. Jan. 27, 2003) (same); *Borgetti v. Bureau of Prisons*, 2003 U.S. Dist. LEXIS 12959 (N.D. Ill.Feb. 14, 2003) (rejecting a challenge because the decision where to designate an inmate is solely within the BOP's discretion); *United States v. Shipley*, 286 F.Supp. 2d 499 (W.D. Pa. Oct. 3, 2003) (same)*; United States v. Herron*, 2003 U.S. Dist. LEXIS 1932 (D. Kan. Feb. 3, 2003) (same; new policy would not have altered sentence); *United States v. Gilbride*, 2003 U.S. Dist. LEXIS 1869 (M.D. Pa. Jan. 31, 2003) (rejecting an *ex post facto* challenge to the BOP policy); *United States v. Schild*, 2003 U.S. Dist. LEXIS 1703(D. Kan. Jan. 21, 2003) (same); *United States v. Andrews*, 240 F. Supp.2d 636 (E.D. Mich. Jan. 13, 2003) (rejecting a due process challenge to the BOP policy).

5